UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC MOORE,<br><br>           Plaintiff,<br>v.<br><br>INDUSTRIAL DEMOLITION, LLC and<br>MICHAEL J. ROBERTS<br>           Defendants. | Civil Action No.: 1:22-cv-10414-RWZ |

**JOINT PRETRIAL MEMORANDUM**

The parties, by and through undersigned counsel, hereby offer this joint pretrial memorandum, pursuant to Local Rule 16.5(d), and so state the following:

**(1)  A concise summary of the evidence that will be offered by the parties:**

**A. By the Plaintiff:**

The Plaintiff intends to prove that he suffered an industrial accident, requested a reasonable accommodation that was granted and because of this protected activity, he was terminated. The evidence will consist of emails and evidence that demonstrates the Defendants have lied about the circumstances surrounding the Defendant's transfer. Consequently, the Plaintiff should be made whole for all back due wages and for emotional distress and punitive damages.

**B. By the Defendant:**

The Defendant Industrial Demolition intends to establish that Plaintiff: (1) was not "handicapped" under Mass. Gen Laws Ch. 151B and was not discriminated against on any basis; (2) did not suffer an industrial accident; (3) was not terminated from his employment with Industrial Demolition; (4) was not retaliated against on any basis; and (5) never entered into a contract with Defendant and therefore an alleged breach of contract could not have occurred.

Defendant also intends to prove that Plaintiff is not entitled to damages in this case. The evidence will consist of timesheets, notes, documents, and testimony that establish Plaintiff: (A) denied suffering a workplace injury when asked by his treating emergency room doctor; (B) was able to return to work, and indeed worked, the day after he went to the emergency room ; (C) was never fired; and (D) previously received front pay and back pay from Industrial Demolition through a settlement agreement as a result of Plaintiff's claim that he was terminated for violation of the NLRA as stated in his NLRB complaint.

**(2)  Facts established by pleadings or by stipulations or admissions of counsel:**

    **A)** The Plaintiff was hired by Industrial Demolition on or around September 3, 2018. He was assigned to work as a Driver/Laborer for a job site in Lawrenceberg, Indiana.

**(3)  Contested issues of fact:**

Reserving all rights, the parties present the following contested facts:

    a. Whether Mr. Moore was terminated and if so for what reason. The Plaintiff maintains that he was fired by Oberkramer and this constituted discrimination and retaliation for his protected activity. Whereas the Defendant maintains that Moore was not fired.

    b. Whether the Defendant had legitimate, non-discriminatory and non-retaliatory reasons for any adverse employment actions, if any.

    c. Whether Plaintiff is "handicapped" under M.G.L. Ch. 151B.

    d. Whether Plaintiff suffered an industrial accident.

    e. Whether Mr. Moore can prove that the Defendant had no legitimate, non-discriminatory or non-retaliatory reasons for alleged adverse employment actions,

       or have no basis in fact, did not actually motivate the decisions, or were insufficient to motivate the decisions.

      f.  Whether Mr. Moore is entitled to any damages in the event of a jury verdict in his favor.

**(4)**   **Jurisdictional questions:**

For the only Defendant presently named in the Complaint – Industrial Demolition – the parties do not believe there are any jurisdictional questions for the Court to address. However, the Plaintiff recently filed a Motion to Amend the Complaint. The Motion to Amend will be opposed. Among other issues, the Motion to Amend raises jurisdictional questions as to the new parties that Plaintiff apparently seeks to add.

**(5)**   **Questions raised by pending motions:**

Other than the pending motion to amend the Complaint, the parties are meeting to confer about their proposed exhibits, and motions in limine will likely follow. In addition, Defendant states that the pending Motion to Amend the Complaint, which Plaintiff just filed on March 15, 2022—less than one month before trial—impacts the trial schedule due to the number of new parties Plaintiff seeks to add to this case on the eve of trial and approximately a year after this case commenced in this Court.

In addition, Plaintiff recently sought to subpoena financial records for several entities and individuals who are not a party to this case. Defendant objects to the subpoenas, and will be submitting a Motion to Quash in response to the subpoenas.

**(6)**   **Outstanding issues of law, including evidentiary questions**:

    A.  **Plaintiff's Statement of Legal Issues**

        None at this time.

  B. **<u>Defendant's Statement of Legal Issues</u>**

  None at this time.

(7) **Requested amendments to the pleadings:**

**<u>By the Plaintiff:</u>**

Through discovery, specifically the deposition of Russ Becker taken on February 8, 2023, Plaintiff now asserts that Defendant, Michael Roberts, along with his brother, Thomas Roberts, are the sole owners of the following affiliated companies: Commercial Development Company, Environmental Liability Transfer, Inc., EnviroAnalytics Group, LLC., Industrial Demolition, LLC., and Brayton Point, LLC. Plaintiff alleges that the same few individuals manage these entities for a common purpose, the redevelopment of abandoned industrial sites. Plaintiff alleges that the companies are indistinguishable in ownership, management, purpose, and personnel, including the employment of the Plaintiff, Eric Moore. Accordingly, the Plaintiffs have a pending request that the court allow an amendment to include the following Defendants:

  1) Thomas Roberts

  2) Michael Roberts

  3) Commercial Development Company

  4) Environmental Liability Transfer, Inc.

  5) EnviroAnalytics Group, LLC

  6) Brayton Point, LLC

**<u>By the Defendant:</u>**

Defendant will submit a Motion in Opposition to Plaintiff's March 15, 2023 Motion to Amend his Complaint referenced above.

**(8)    Any additional matters to aid in the disposition of the matter:**

There are no matters to aid in the disposition of this case at this time.

**(9)    Estimated length of trial:**

Including jury selection, the parties expect to have the case submitted in 5 days.

**(10)    The name and address of each witness to be called by each party:**

    A. **Plaintiff's witnesses**

        **Will Call**

            1.   **Eric Moore**, 1071 Lakeview Drive, Somerset, KY 42503

        **May Call**

            2.   **Heather Minton**
            3.   **Rebecca Lydon**
            4.   **Roger Oberkramer**[1]
            5.   **Michael Roberts**

Plaintiff further reserves the right to call all witnesses listed by Defendant.

    B. **Defendant's Witnesses**

    **Will Call**

1. Rebecca Lydon
2. Michael Roberts

    **May Call**

3. Ray Scully
4. Jason Howard

Defendants further reserve the right to call all witnesses listed by Plaintiff.

    C. **Plaintiff's Expert**

            1.   **Dr. Craig Moore**, 18 Ranch Club Road, Sandwich, MA 01077.

---

[1] Witness to date has not been responsive to Plaintiff.

D. **Defendant's Expert and Response**

None. Defendant reserves the right to cross-examine the expert witness listed by Plaintiff if the expert is permitted to testify. However, Plaintiff's expert never submitted a report in this matter pursuant to Rule 26(a)(2)(B). In addition, Plaintiff did not timely disclose the expert pursuant to Rule 26(a)(2)(D). Defendant objects to the testimony of the expert identified by Plaintiff.

**(11)   Proposed Exhibits:**

| TAB | DATE(S) | DESCRIPTION | BATES # |
|---|---|---|---|
| 1 | 11/24/2021 | Complaint – Eric Moore v. Industrial Demolition and Michael Roberts | N/A |
| 2 | 9/28/2018 | Eric Moore – Initial Personnel Records | ID_M-000484-490 |
| 3 | 12/9/2019 | Saint Anne's Hospital – Medical Records – Eric Moore [currently – pages "2 of 5" and "4 of 5" are missing] | Moore 1-000001–06 |
| 4 | 12/9/2019 | Saint Anne's Hospital – Discharge Instructions | ID_M-000542-543 |
| 5 | 2/6/2020 | Employer's First Report of Injury – Eric Moore | ID_M-000564-566 |
| 6 | 2/6/2020 | E-mails – Becky Lydon | ID_M-000429-431 |
| 7 | 2/10/2020 | Notice of Denial on behalf of Insurer | ID_M-000559-561 |
| 8 | 2/1/2018 | Safety & Health Manual – Industrial Demolition, LLC | ID_M-002559-2679 |
| 9 | 1/17/2023 | Plaintiff's Answers to Defendant Industrial Demolition's First Set of Interrogatories | N/A |
| 10 | 1/17/2023 | Plaintiff's Responses to Defendant Industrial Demolition's First Request for Production of Documents | N/A |
| 11 | 3/13/2020 | NLRB Charge Against Employer with attachments | Moore 3-000001-10 |
| 12 | 3/18/2020 | E-mail Correspondence with NLRB | Moore 3-000136–139 |
| 13 | (undated) | NLRB Amended Charge Against Employer | Moore 3-000011 |
| 14 | 6/19/2020 | NLRB Second Amended Charge Against Employer | Moore 3-000012 |
| 15 | 6/22/2020 | NLRB Docketing Letter for Second Amended Complaint – with attachments | Moore 3-000013-22 |

| | | | |
|---|---|---|---|
| 16 | 10/5/2020 | NLRB – E-mail Communications Regarding Proposed Settlement Terms | Moore 3-000062–65 |
| 17 | 10/9/2020 | NLRB – Confirmation of signed Settlement Agreement | Moore 3-000025–31 |
| 18 | 10/9/2020 | NLRB E-mails – Confirming Settlement | Moore 3-000023-24 |
| 19 | 10/22/2020 | NLRB – Certificate of Compliance – Payments | ID_M-000526-528 |
| 20 | 1/9/2020 | Certificate of Completion of Training (with cover page) – Eric Moore | ID_M-003044, 3047 |
| 21 | 9/29/2020 | Phone Records for December 7, 2019 to January 6, 2020 – Eric Moore | Moore 3-000107-122 |
| 22 | 9/21/2020 | Eric Moore – Payroll Records – Owens Construction – re-ordered in Chronological Order | Moore 3-000228, 236, 229, 235, 102 |
| 23 | 2019 | Eric Moore – 2019 Payroll Records – Industrial Demolition – reordered in chronological order | ID_M-000494-517 |
| 24 | 2/19/2020 | 2019 Tax Return – Eric Moore | Moore 6-000006-34 |
| 25 | 5/10/2021 | 2020 Tax Return – Eric Moore | Moore 6-000038-102 |
| 26 | 12/29/2022 | 2021 Tax Return – Eric Moore | Moore 6-000106-137 |
| 27 | 2019 | 2019 W-2 – Eric Moore – Industrial Demolition | Moore 6-000138 |
| 28 | 2020 | 2020 W-2 – Eric Moore – Owens Construction | Moore 6-000140 |
| 29 | 2020 | 2020 W-2 – Eric Moore – Management Registry | Moore 6-000141 |
| 30 | 2021 | 2021 W-2 – Eric Moore – Petro Towery | Moore 6-000143 |
| 31 | 1/25/2021 | Form 1099-G – 2020 Indiana Department of Workforce Development – Eric Moore | Moore 6-000142 |
| 32 | 12/7/2020 | Massachusetts Department of Unemployment Assistance – Eric Moore | Moore 8-000001-41 |
| 33 | 9/12/2022 | Plaintiff's Initial Disclosures | N/A |
| 34 | 12/14/2019 | Brayton Point Timesheet Tracker (Eric Moore Deposition Exhibit 2) | N/A |
| 35 | Dec-19 | Recording and transcript of call between Eric Moore and Mike Roberts | N/A |
| 36 | 11/12/2017 | RO Tax Form | Moore 000426 |
| 37 | 11/25/2019 | E-mail RL and MR | Moore 003100 |
| 38 | 11/25/2019 | E-mail RL and RB | Moore 002507-002508 |

| 39 | 11/25/2019 | E-mail RL and RB | Moore 000394 |
| --- | --- | --- | --- |
| 40 | 12/9/2019 | St. Annes Records | Moore 000562-000563 |
| 41 | 1/28/2020 | Emal RL and RB | Moore 002136-002139 |
| 42 | 2/6/2020 | E-mail CH and RL | Moore 00429-0431 |
| 43 | 2/6/2020 | E-mail RL and MR | Minton 003070 |
| 44 | 2/10/2020 | Email ES RL RB HM | Minton 0030706-003077 |
| 45 | 4/21/2020 | Email RL and RB | Moore 001928 |
| 46 | 4/23/2020 | E-mail RL and MR | Minton 000001 |
| 47 | 4/23/2020 | E-mail RL and RB | Minton 003397 to 003398 |
| 48 | 4/23/2020 | E-mail RL and RB | Minton 003394 |
| 49 | 5/29/2020 | E-mail RL and RB | Minton 004967 |
| 50 | 8/13/2020 | E-mail HM to RL | Moore 000395-000396 |
| 51 | 9/18/2020 | ID Pos Stat MCAD | Moore 000536-000540 |
| 52 | 10/26/2020 | ID Pos Stat OSHA | Moore 000011-000162 |

**(12)    Outstanding objections to evidence identified in the pretrial disclosure:**

Dated: March 17, 2023

| ERIC MOORE | INDUSTRIAL DEMOLITION, LLC and MICHAEL J. ROBERTS |
| --- | --- |
| By: /s/Jamie Goodwin<br>Jamie Goodwin (BBO No. 673207)<br>jg@dgpfirm.com<br>DUDDY GOODWIN & POLLARD<br>446 Main Street, 16th Floor<br>Worcester, MA 01608 | By: /s/Alexa Esposito<br>Alexa M. Esposito, Esq.<br>aesposito@littler.com<br>LITTLER MENDELSON, P.C.<br>One International Place, Suite 2700<br>Boston, MA 02110<br><br>By: /s/Thomas Metzger<br>Thomas M. L. Metzger, Esq.<br>tmetzger@littler.com<br>LITTLER MENDELSON, P.C.<br>41 South High Street, Suite 3250<br>Columbus, OH 433215 |