IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ERIC MOORE,** | |
|           Plaintiff, | |
| **v.** | Civil Action No. 1:22-cv-10414-RWZ |
| **INDUSTRIAL DEMOLITION LLC,** | |
|           Defendant. | |

## DEFENDANT INDUSTRIAL DEMOLITION LLC'S OMNIBUS MOTION *IN LIMINE* AND INCORPORATED MEMORANDUM OF LAW

Defendant Industrial Demolition LLC respectfully files this Motion *in Limine* and Incorporated Memorandum of Law seeking pre-trial evidentiary rulings on the issues set forth below.

## BACKGROUND

**1.** Plaintiff Eric Moore asserts employment-related claims for: (a) disability discrimination, (b) failure to accommodate an alleged handicap, (c) retaliation for allegedly taking a leave of absence or requesting a workplace accommodation, and (d) retaliation for providing notice of an alleged workplace accident. (ECF 1, Complaint). Defendant Industrial Demolition denies these claims.

**2.** Plaintiff's employer in connection with these employment-related claims was "Industrial Demolition LLC" ("**Industrial Demo**" or "**Defendant**") (ECF 1, Complaint).

**3.** On March 15, 2023, and less than 30 days before trial, Plaintiff filed a Motion to Amend the Complaint to add new defendants. (ECF 33). The Motion to Amend has been denied. (ECF 41).

    **4.**    Industrial Demo is Plaintiff's only employer in connection with his claims in this matter.

    **5.**    Industrial Demo is the only Defendant.

    **6.**    This matter is set for trial on April 11, 2023.

    **7.**    Industrial Demo seeks to exclude or limit any evidence, argument, or reference to the following subjects during the trial:

    **a.**    The wealth, financial holdings, investments, or income of Michael Roberts, Tom Roberts, or alleged affiliates of Industrial Demo, none of whom are parties;

    **b.**    Industrial Demo's and Plaintiff's financial status;

    **c.**    Alleged harassment or discriminatory conduct not related to Plaintiff's claims;

    **d.**    Plaintiff's proposed expert witness, who was not timely identified;

    **e.**    Alleged damages for backpay and front pay; and

    **f.**    Industrial Demo position statements submitted to administrative agencies.

As addressed in more detail below, Industrial Demo moves for an Order prohibiting or limiting reference to or evidence concerning these subjects on the grounds that they are irrelevant, unduly prejudicial, misleading, confusing, and/or constitute impermissible hearsay. *See* Fed. R. Evid. 401-403, 801, 802.

Respectfully submitted,

**INDUSTRIAL DEMOLITION LLC**

By Its Attorneys,

*/s/ Alexa M. Esposito*
Alexa M. Esposito, Bar No. 698378
aesposito@littler.com
Thomas M. L. Metzger, OH Bar No. 0059694
tmetzger@littler.com

LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA  02110
Telephone:     617.378.6000
Facsimile:     617.737.0052

Dated:   March 31, 2023

**MEMORANDUM OF LAW**

I. **INTRODUCTION**

This case involves Plaintiff's allegations of employment discrimination and retaliation against Industrial Demo. Plaintiff alleges he was discriminated against due to his "handicap", that Industrial Demo retaliated against him after it provided an accommodation, and that Industrial Demo terminated his employment. Industrial Demo denies Plaintiff's claims.

Industrial Demo anticipates Plaintiff will attempt to introduce or reference a range of improper subjects to detract from the narrow issues at trial. In particular, Industrial Demo expects Plaintiff will attempt to introduce evidence regarding entities that did <u>not</u> employ him (including alleged affiliates of Industrial Demo that are <u>not</u> Defendants), attempt to refer to other business holdings of Mike Roberts and Tom Roberts (who are <u>not</u> Defendants in this matter but who own Industrial Demo), refer to the financial status of Industrial Demo or Plaintiff, and to introduce evidence of alleged comments relating to race and gender that have nothing to do with Plaintiff's disability discrimination claim. Industrial Demo also believes Plaintiff may attempt to introduce evidence regarding entitlement to back pay and front pay even though Industrial Demo has already made such payments to Plaintiff directly. Plaintiff has also attempted to identify an expert witness well beyond the applicable deadline.

II. **LEGAL STANDARD**

A federal district court has the authority to make *in limine* rulings pursuant to its "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* "aid[s] the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-Civ., 2011 WL 2295269, at *1 (S.D. Fla. June 8, 2011) (citations omitted). It also

"give[s] the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Begualg Inv. Mgm't, Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-Civ, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013) (citing *Stewart v. Hooters of Am., Inc.*, No. 04-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007)).

### III. MOTIONS *IN LIMINE*

#### A. Financial Information And Resources Relating To Non-Parties

Evidence of the wealth, net worth, business or personal holdings, or income of Mike Roberts, Tom Roberts, or any other non-parties, including alleged affiliates of Industrial Demo, should be excluded.

On March 15, 2023, and less than 30 days before trial, Plaintiff sent subpoenas to two financial institutions: Enterprise Bank & Trust and Wells Fargo Bank. Plaintiff's subpoenas sought extensive and highly confidential financial information relating to numerous non-parties. The broad and irrelevant information Plaintiff sought included the following personal and business records for Michael Roberts, Tom Roberts, and numerous entities that are not parties:

> Banking records, including **all** account statements, cancelled checks, check stubs, debit memos, credit memos, loan applications including any documentation submitted for underwriting purposes, and any documents relating to wire transfers for [Michael Roberts, Tom Roberts, and other entities].

Timely objections to all of the subpoenas were served on Plaintiff's counsel.[1]

---

[1] Just yesterday, March 30, 2023, Plaintiff sent out slightly revised subpoenas for the same set of records. Defendant and the non-parties will be filing objections again. Beyond the grossly overbroad scope of the improper subpoenas, Plaintiff now seeks responses by Monday morning, April 3, 2023—or just two business days after "serving" the subpoenas by e-mail contrary to the requirements of Fed.R. 45(b). Also, in violation of Fed.R. 45(a)(4), the newly-issued subpoenas were sent out before notice was provided to Defendant.

2

In addition, during the deposition of Michael Roberts on February 13, 2023, Plaintiff indicated that he seeks to introduce information regarding Mr. Roberts' personal and business and financial holdings beyond Defendant Industrial Demolition:

> **Q:** "What other companies do you own with your brother?" (Roberts Depo., p. 11:22-23);[2]
>
> **Q:** "...what other companies do you own..."? (Roberts Depo., p. 14:8-9);
>
> **Q:** "How much money did you earn personally last year"? (Roberts Depo., p. 22:19-20);
>
> **Q:** "How many assets do you own personally?" (Roberts Depo., p. 23:0-10);
>
> **Q**: "What are you worth?" (Roberts Depo., p. 23:14); and
>
> **Q:** "What type of institutions do you get lending from?" (Roberts Depo., pp. 31:25–32:1).

Similarly, during Mr. Roberts' deposition, Plaintiff attempted to ignore the fact that Industrial Demo is the only employer in this case by lumping it in with other entities and business interests held by Mr. Roberts. For example, counsel for Plaintiff coined his own phrase of "Roberts family of companies" and stated during questioning that "I'll say Roberts family of companies just so I don't have to say them all the whole time." (Roberts Depo., p. 16:6-8). And Plaintiff's counsel then asked, "So how many times has the Roberts family of companies been sued?" (*Id*., p. 16:7-9). Such evidence should not be allowed because it is irrelevant, and it is also confusing, misleading, and prejudicial to Industrial Demo under Rules 401 and 403.

Neither Mike Roberts, Tom Roberts, nor any alleged affiliate of Industrial Demo is a party to this case, and none served as Plaintiff's employer. Also, the so-called "Roberts family of companies," which is a confusing and misleading phrase coined by Plaintiff's counsel during

---

[2]   Referenced excerpts of Michael Roberts' deposition have been attached hereto as Exhibit 1.

3

a deposition, is not a party to this case. The only Defendant is Industrial Demo. There is no probative value to facts regarding the personal wealth, net worth, business or personal holdings, or income of Mike Roberts, Tom Roberts, or any affiliates of Industrial Demo. Also, any alleged probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury.

Courts have consistently precluded this type of evidence because it is irrelevant and has strong prejudicial effects. In *United States v. Socony–Vacuum Oil Co.*, 310 U.S. 150, 239, 60 S.Ct. 811, 84 L.Ed. 1129 (1940), the Supreme Court observed that "appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them"; *see also City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 757 (6th Cir. 1980) (counsel's direct and indirect references to defendant's wealth were an improper appeal to "passion and prejudice"); *Hoffman v. Brandt*, 421 P.2d 425, 427 (Cal. 1967) ("[j]ustice is to be afforded rich and poor alike, and a deliberate attempt by counsel to appeal to social or economic prejudices of the jury, including the wealth or poverty of the litigants, is misconduct where the wealth or poverty is not relevant to the issues in the case").

This evidence should not be allowed because it is irrelevant under Rule 401 and unduly prejudicial, and likely to confuse or mislead the jury pursuant to Rule 403.

  **B.**  **Industrial Demo's and Plaintiff's Financial Status**

Industrial Demo anticipates that Plaintiff may also attempt to introduce evidence regarding Industrial Demo's financial status, or to contrast his own financial status with Industrial Demo. "The general rule is that, during trial, 'no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the others.'" *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (citation omitted); *see also Shaps v. Provident Life & Acc. Ins. Co.*, 244 F.3d 876, 866 (11th Cir. 2001) ("a jury should not be advised

4

about the wealth or poverty of the parties.") (citing *Warren v. Ford Motor Credit Co.*, 693 F.2d 1373, 1378 (11th Cir. 1982)).

"The Supreme Court has stated that 'the presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases'" against businesses. *Prisua Eng'g Corp. v. Samsung Elecs. Co.*, 2018 U.S. Dist. LEXIS 221548, at *10 (S.D. Fla. Feb. 13, 2018) (granting motion in limine to exclude evidence of net worth of defendant) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417, 123 S.Ct. 1513, 155 L.Ed. 2d 585 (2003)); *see also Blanco v. Capform, Inc.*, 2013 U.S. Dist. LEXIS 3385, at *11 (S.D. Fla. Jan. 9, 2013) (holding that introduction of net worth of defendant may cause prejudice because it "may render some jurors more inclined to find [defendant] liable because, in their perception, [defendant] could afford to compensate the [p]laintiffs"); *Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122, 1130 n.1 (10th Cir. 2009) (trial comments regarding the wealth of a party "have repeatedly and unequivocally been held highly prejudicial, and often alone have warranted reversal"); *see also Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002) (holding that statements made in closing arguments about defendant's wealth "were prejudicial and should have been excluded").

Here, any attempt by Plaintiff to refer to Defendant as a wealthy company, or contrast Defendant's financial condition to his own, would be improper and must be rejected. Plaintiff should not be permitted to divert the jury's attention away from the narrow issues that remain. Any evidence concerning Defendant's financial condition is simply not relevant pursuant to Rules 401 and 402, and presents a significant danger of creating unfair prejudice, confusing the issues, and/or misleading the jury pursuant to Rule 403. Thus, such evidence, testimony, argument, or reference should be excluded.

5

Plaintiff should also be precluded from introducing evidence regarding his own financial condition. Evidence of the Plaintiff's financial resources is similarly prejudicial and irrelevant to the merits of the claims at issue. Accordingly, the Court should preclude evidence regarding Plaintiff's net worth, as irrelevant to the claims at issue, and prejudicial to Defendant. *See Del Rosario v. Labor Ready Se., Inc.*, 2015 U.S. Dist. LEXIS 180934, at *15 (S.D. Fla. Aug. 31, 2015); *ELI Resch., LLC v. Must Have Info, Inc.*, 2015 U.S. Dist. LEXIS 143803, at *5 (M.D. Fla. Oct. 20, 2015) (collecting cases).

While some evidence of Industrial Demo's financial position may be relevant to the issue of punitive damages if this ever becomes an issue, it is of no relevance to the other alleged damages including claims for back pay, front pay, and compensatory damages.[3] As such, because Industrial Demo's financial position is not relevant to the damages a jury would be asked to consider during a liability phase of this trial—and because it could certainly prejudice the jury when determining what to award for such alleged damages—the Court should limit Plaintiff's presentation of evidence regarding the same to only punitive damages, if an instruction is permitted on punitive damages. *See Shiver v. Career Consultants, Inc.*, No. 1:14-cv-1165-CSC, 2016 U.S. Dist. LEXIS 1010 (M.D. Ala. Jan. 6, 2016) (limiting presentation of evidence regarding defendant's financial condition to only plaintiff's punitive damages claim and not to her compensatory damages and back pay claims because such evidence is not relevant to those claims).

### C. Alleged Harassment Or Discriminatory Conduct Not Related To Plaintiff's Claims

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404 Industrial Demo moves the Court to exclude any testimony or other evidence from Plaintiff (or other witnesses) that he or

---

[3] Industrial Demo is also submitting, separately, a motion to bifurcate this trial separating any consideration of punitive damages from the underlying liability so as to avoid confusion and unfair prejudice.

---

others in the workplace at Industrial Demolition allegedly experienced harassment, discrimination, or retaliation that are not relevant to the remaining claims in Counts I, II, III, and IV in his Complaint (*i.e.,* disability discrimination and retaliation, and retaliation based on an alleged workplace injury or leave of absence). For example, Plaintiff's Complaint states that Plaintiff allegedly heard "graphic slurs based on race (including the n word), gender, sexual orientation, and ethnicity." (Complaint, ¶ 6). While such comments or slurs would not be appropriate—they are not relevant to the claims here, and would be unduly prejudicial for consideration of the claims in this case. Plaintiff is a white male (Plaintiff Depo., p. 8:20-23),[4] and he has never pursued a claim for discrimination on the basis of race, gender, sexual orientation, or ethnicity. (*See* Complaint). Moreover, Plaintiff attributes these comments or slurs to a former employee of Industrial Demolition named Roger Oberkramer. (Complaint, ¶ 6). But as Plaintiff has testified, at no time during his employment with Industrial Demolition did he contact Industrial Demolition to make a complaint regarding Roger Oberkramer. (Plaintiff Depo., p. 131:6-16).

Similarly, Plaintiff has proposed introducing numerous email communications that do <u>not</u> include or reference Plaintiff, that were transmitted <u>after</u> he stopped working at Industrial Demolition, and that appear to relate to entirely separate workplace gripes or grievances not at issue here. By way of example, Plaintiff identified email communications in the Joint Pretrial Memorandum, including exhibits 41-50, which took place <u>after</u> Plaintiff stopped working at Industrial Demolition. Plaintiff last reported to work on December 13, 2019—yet Plaintiff's proposed exhibits 41-50 are email chains that begin in late *January 2020,* end in *August 2020*, and do not mention or include Plaintiff. But it appears Plaintiff may attempt to use such emails and related testimony to try to prove the character of former employee Roger Oberkramer, or to distract

---

[4]    Referenced excerpts of Plaintiff's deposition have been attached hereto as Exhibit 2.

from the issues in this case. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). And the district court may exclude such evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403.

Plaintiff should not be permitted to introduce into evidence alleged comments relating to race, gender, or ethnicity, or other purported harassment or discrimination that is not relevant to his remaining claims of alleged disability discrimination or his work restrictions. "[C]ourts are reluctant to consider 'prior bad acts' in [the employment discrimination] context where those acts do not relate directly to the plaintiffs." *Denney v. City of Albany*, 247 F.3d 1172, 1189 (11th Cir. 2001); *see also Chavis v. Clayton County School District,* 147 Fed. Appx. 865, 866–68 (11th Cir. 2005) (upholding the exclusion of other instances of discrimination against others, because the plaintiff claimed retaliation and the other instances involved failure to promote). Not only has Plaintiff never claimed that he was subjected to discrimination on any basis other than his alleged disability, but he has also never asserted that he was constructively discharged due to an alleged hostile work environment. Any evidence of alleged race discrimination or a hostile work environment on the basis of gender, sexual orientation, or ethnicity is not relevant because it has nothing to do with Plaintiff's claims for disability discrimination or retaliation.

Moreover, Industrial Demo would be forced to present needless counter evidence pertaining to Plaintiff's unasserted claims, which would inevitably cause undue prejudice, confuse the jury, unnecessarily prolong the trial, and create a trial within a trial on collateral and irrelevant issues. Allowing such evidence to be presented would result in side-litigation over the exact type of collateral issues that Rules 403 and 404 are designed to prevent. In *Dagnesses v. Target Media*

*Partner Operating Co., LLC*, 1:15-CV-23989-UU, 2016 WL 10647255, at *4 (S.D. Fla. Nov. 14, 2016) (Ungaro, J.), plaintiff opposed a motion in *limine* to exclude alleged derogatory statements unrelated to the plaintiff's discrimination claim to establish "a pattern of discrimination." The Court rejected plaintiff's argument and stated: "*Defendant's generalized alleged animosity is not at issue at trial and the Court will not tolerate Plaintiff's attempts to introduce unduly prejudicial evidence that is entirely irrelevant to his claims*." *Id.* (emphasis in original). The Court should reach a similar result here. Plaintiff's testimony and arguments should be curtailed to those that are relevant to his specific claims.

For these reasons, the Court should exclude any testimony or other evidence from Plaintiff (or other employees) that is not relevant to the causes of actions in his Complaint pursuant to Rules 401, 402, 403, and 404.

### D.    **Plaintiff's Proposed Expert**

On March 17, 2023, Plaintiff indicated *for the first time* that he intends to call an expert. Specifically, in the Joint Pretrial Memorandum he identified Craig L. Moore. Defendant immediately noted its objection to Craig Moore being called as an expert witness, and Defendant noted its written objections in the March 17, 2023 Joint Pretrial Memo (ECF 38, p. 6). Specifically, in violation of Fed. R. Rule 26(a)(2)(B), Plaintiff had not provided an expert report.[5] In addition, in violation of Rule 26(a)(2)(D), Plaintiff did not timely disclose the expert. Plaintiff's notification

---

[5] Just this week, on Wednesday, March 29, 2023, Plaintiff's counsel forwarded a March 27, 2023 summary from Craig Moore that purports to be an expert "report"—but it fails to meet almost all of the requirements of Fed. R. Civ. P. 26(a)(2)(B). The Rule provides that "[t]he report must contain," among other things, the "facts or data considered by the witness," the "witness's qualifications," a "list of all publications authored in the previous 10 years," a "list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and " statement of the compensation to be paid for the study and testimony in the case." None of these requirements are included in the untimely "report." Prior to March 29, 2023, Plaintiff had never produced a report from Craig Moore or any other expert. The deficient "report" or summary was produced just *13 days before trial*.

9

was less than 30 days before trial—which is obviously well short of the requirement to make the disclosure at least 90 days before trial.

Moreover, back on January 17, 2023, Plaintiff responded to Defendant's First Set of Interrogatories. Interrogatory No. 3 asked Plaintiff to *"identify each expert witness with whom Plaintiff has consulted regarding this litigation or whom Plaintiff intends to offer as a witness or affiant in this litigation."* Following his objections, Plaintiff did <u>not</u> identify an expert. Instead, Plaintiff merely stated that *"no decision has been made as to experts or trial strategy at this time."* Plaintiff never supplemented his Interrogatory response. (Exhibit 3).

Plaintiff provided Defendant with no notice of a proposed expert until less than 30 days before trial. Plaintiff's expert should not be permitted to testify. As noted in *Reese v. Herbert,* 527 F.3d 1253, 1266 (11th Cir. 2008), "[b]ecause the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational;" *see also Durkin v. Platz*, 920 F. Supp. 2d 1316, 1328 (N.D. Ga. 2013). Plaintiff's expert was not disclosed on a timely basis, and the non-compliant "report" was not provided until Wednesday, March 29, 2023—which was after the final pretrial conference in this matter, and just 13 days before trial. The deadlines in the rules matter. Plaintiff's expert should not be permitted to testify.

E. **Backpay And Front Pay**

If the issue of damages is presented to the jury, Plaintiff may attempt to present evidence and argument that he is entitled to back pay and front pay from Industrial Demolition. However, Plaintiff has testified that he has already received **back pay and front pay** in connection with his employment at Industrial Demo.

Plaintiff previously alleged in a proceeding before the National Labor Relations Board ("NLRB") that his employment with Industrial Demolition was wrongfully terminated. On

October 9, 2020, Plaintiff entered into a written Settlement Agreement with Industrial Demolition LLC in the matter before the NLRB. In the Settlement Agreement, Industrial Demolition paid Plaintiff both back pay and front pay. (Exhibit 4).

With respect to his receipt and acceptance of the *backpay* from Industrial Demolition, Plaintiff testified in his deposition in this matter on January 31, 2023 as follows:

> **Q:** And you accepted the back payment in connection with your former employment at Industrial Demolition, correct?
>
> **A:** Yes.
>
> **Q:** **And you understood that this was a <u>full reimbursement for your back pay in connection with your employment at Industrial Demolition</u>, correct?**
>
> **A:** Yes.

(Plaintiff's Depo., p. 134:11-18). Similarly, with respect to his receipt and acceptance of front pay from Industrial Demolition, Plaintiff testified:

> **Q:** You also received front pay, correct?
>
> **A:** Yes.
>
> **Q:** And you accepted this front pay in connection with your employment at Industrial Demolition, correct?
>
> **A:** Yes.
>
> **Q:** **And you understood that this <u>front pay was reimbursement to you in connection with your former employment at Industrial Demolition</u>, correct?**
>
> **A:** Yes.

(Plaintiff's Depo., pp. 134:19–135:2). Plaintiff has also confirmed that his acceptance and receipt of back pay in connection with his employment at Industrial Demolition was based directly upon his allegation that he was improperly terminated:

> **Q:** And you had alleged that your employment with Industrial Demolition was improperly terminated – and you **accepted**

11

>   **and received the back pay and the front pay based on those allegations** and the findings here [in the Settlement Agreement], right?
>
>   A:   Yes.

(Plaintiff's Depo., p. 135:3-8). There is also no dispute that *Industrial Demolition* paid the back pay and front pay directly to Plaintiff, as opposed to the payment being made through a collateral source such as an insurer. (Exhibit 5).

Plaintiff has suggested in his Motion *in limine* that the previous payment *by Industrial Demolition* should not be introduced, or even credited to Industrial Demo, based on the "collateral source rule" and that he should be able to obtain back pay and front pay. Plaintiff is incorrect. The common law rule does not apply to payments by the *same source*. The same source is not a "collateral" source. As explained by the First Circuit, the Massachusetts "iteration of the collateral source rule is fairly typical. It provides, in the large, that compensation received from ***a third party unrelated to a tortfeasor-defendant*** (the collateral source) will not diminish an injured party's recovery from that tortfeasor." *Fitzgerald v. Expressway Sewerage Const., Inc.*, 177 F.3d 71, 73 (1st Cir. 1999) (emphasis added) (collateral source rule also does not prohibit introduction of a collateral payment, such as a third-party insurance payment, for other evidentiary purposes) (citing *Jones v. Town of Wayland*, 374 Mass. 249, 262, 373 N.E.2d 199, 208 (1978) ("[m]oreover, the rule is ***not applicable*** when the party found liable ***has itself*** established a fund to be drawn on in the event of its liability to another person") (emphasis added)); *see also Phillips v. W. Co. of N. Am.*, 953 F.2d 923, 931 (5th Cir. 1992) ("[t]he [collateral source] rule is intended to ensure that the availability of *outside sources* of income does not diminish the plaintiff's recovery, *not make the tortfeasor pay twice*") (emphasis added). The "[collateral source] 'does not differentiate between the nature of the benefits, ***so long as they did not come from the defendant*** or a person acting for him.'" *Solis-Diaz v. Las Vegas Metro. Police Dep't*, 2017 WL 374908, at

12

*2 (D. Nev. Jan. 25, 2017) (quoting Restatement (Second) of Torts, §920A cmt. b) (emphasis added).

There is no dispute that Industrial Demolition has already paid back pay and front pay to Plaintiff in connection with his employment. This is <u>not</u> a "collateral" payment. Plaintiff is now seeking to recover a double payment from the same company in connection with the end of his employment. Industrial Demo cannot be required to pay twice. As expressed in *In re Air Crash Disaster Near Cerritos*, Cal., On Aug. 31, 1986, 982 F.2d 1271, 1277 (9th Cir. 1992), the concern is not whether a plaintiff may sometimes receive a double payment—rather, the collateral source rule ***cannot be applied to impose a double payment on the same entity***. *Id.* ("To order the government to pay the plaintiffs, thereby allowing them a double recovery, is not problematic. What we cannot impose, however, is double payment from the government"). Similarly, as discussed in *Falconer v. Penn Mar., Inc.*, 397 F. Supp. 2d 144, 148 (D. Me. 2005), when analyzing the collateral source rule, the "character of the benefits received" matters. *Id.* In cases in which the defendant or tortfeasor has already voluntarily paid for an alleged loss, "the employer should not be penalized by permitting the Plaintiff a double recovery...." *Id.* ("collateral source rule" was inapplicable because vessel owner had voluntarily paid medical expenses); *see also* 22 *Am. Jur. 2d Damages* § 405 (2013) ("The 'collateral source rule' provides that a payment made to an injured party as compensation for injuries from a source ***wholly independent of the tortfeasor*** should not be deducted from the damages that the plaintiff would otherwise collect from the tortfeasor") (emphasis added).

Plaintiff should not be entitled to an instruction on back pay and front pay when he has already received it—and Industrial Demo has already paid the back pay and front pay. At

13

a minimum, if Plaintiff is permitted to present argument for back pay and front pay, Industrial Demo should be permitted to present evidence regarding its prior payments to Plaintiff.

**F.      Industrial Demo's Position Statements Submitted To The Massachusetts Commission Against Discrimination**

Plaintiff has identified two potential exhibits that are position statements submitted on behalf of Industrial Demo to the Massachusetts Commission Against Discrimination ("MCAD"), and the U.S. Department of Labor. The first position statement is from September 18, 2020, and is in response to allegations by Plaintiff. The second position statement is from October 26, 2020, and is in response to allegations by two other former employees, William Minton and Heather Minton.

Any mention of *Plaintiff's own MCAD file*, which contains hearsay, legal conclusions, and argument, should be excluded under Rule 403. *Johnson*, 768 F. Supp. 2d at 1134 n.82. Any "EEOC determination and report may be excluded from evidence in a jury trial under either Rule 403 or Rule 803(8)(c) [of The Federal Rules of Evidence]" and admission of such reports is a "determination best left to the sound discretion of the district court." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1288 (11th Cir. 2008) (citing *Barfield v. Orange Cty.*, 911 F.2d 644, 650-51 (11th Cir. 1990)). It is, therefore, soundly within this Court's discretion to exclude documents from the MCAD file when the documents would cause undue prejudice, confuse the jury, or waste the Court's time. *Anderson v. Brown Indus.*, No. 4:11-CV-0225-HLM, 2014 WL 12521732, at \*\*5-6 (N.D. Ga. Mar. 14, 2014) (citing several district court opinions for the position that Charges of Discrimination are generally inadmissible in evidence).

In addition, the position statement relating to the other Industrial Demo former employees should not be introduced. *See Green v. City of Northport*, No. 7:11-CV-2354-SLB, 2014 WL 1338106, at \*\*2-3 (N.D. Ala. Mar. 31, 2014) (excluding EEOC charges of discrimination filed by

14

other employees where charges were "not relevant to any disputed issue" in the action). Consequently, such evidence is irrelevant, and should be excluded under Federal Rules of Evidence 402.

Plaintiff has not alleged a "pattern or practice" claim of discrimination on the part of Industrial Demo. Rather, he contends that he was the subject of individual disparate treatment. Therefore, allegations that other employees were subjected to discrimination or disparate treatment during their employment are certainly not relevant in assessing whether Plaintiff was subjected to discrimination. *McClosky v. Prince George's County, Maryland,* 103 F.3d 118, at *1 (4th Cir. Dec. 18, 1996) (table) ("pattern and practice evidence has little, if any, relevance in an individual disparate action"); *Cooper v. Diversicare Mgmt. Servs. Co.*, 115 F.Supp.2d 1311, 1322 n.13 (M.D. Ala. 1999) (holding that in cases alleging individual disparate treatment, "evidence of a pattern and practice of discrimination 'can only be collateral to evidence of specific discrimination against the actual plaintiff'"), *quoting Gilty v. Village of Oak Park,* 919 F.2d 1247, 1252 (7th Cir. 1990).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time . . . ." Fed. R. Evid. 403. These dangers are especially heightened when the case is to be tried in front of jury instead of a bench trial and when the EEOC is a litigant. The Eleventh Circuit agrees, stating that "[i]n deciding whether and what parts of EEOC determinations and reports should be admitted, the district court may be guided by such considerations as whether the report contains legal conclusions in addition to its factual content." *Barfield v. Orange Cty.*, 911 F.2d 644, 650 (11th Cir. 1990) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 n.13 (1988); *Hines v. Brandon Steel Decks*, 886 F.2d 299, 302-03 (11th Cir. 1989)).

15

IV.     **CONCLUSION**

Based on the foregoing, Defendant Industrial Demolition respectfully requests this Court grant its Motion *in Limine* and issue an Order granting this Motion and excluding and/or limiting the evidence from trial as discussed above.

Dated this 31st day of March, 2023.

Respectfully submitted,

**INDUSTRIAL DEMOLITION LLC**

By Its Attorneys,

*/s/ Alexa M. Esposito*
Alexa M. Esposito, Bar No. 698378
aesposito@littler.com
Thomas M. L. Metzger, OH Bar No. 0059694
tmetzger@littler.com

LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA  02110
Telephone:    617.378.6000
Facsimile:     617.737.0052

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March 2023, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

*/s/ Alexa M. Esposito*
Alexa M. Esposito
