IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**ERIC MOORE,**

        Plaintiff,

v.                                                                                  Civil Action No. 1:22-cv-10414-RWZ

**INDUSTRIAL DEMOLITION LLC,**

        Defendant.

**DEFENDANT'S MOTION TO BIFURCATE
TRIAL ON ISSUE OF PUNITIVE DAMAGES**

Defendant Industrial Demolition LLC ("Industrial Demolition" or "Defendant"), respectfully moves this Court for the entry of an Order: (i) bifurcating the alleged punitive damages issue at trial from the remaining issues in this matter; and (ii) precluding Plaintiff Eric Moore from presenting evidence of his claim for punitive damages including introducing evidence or referencing Defendant Industrial Demolition's size, wealth, and overall financial condition unless Plaintiff presents evidence that would warrant a jury instruction on punitive damages.

In Massachusetts, the heightened standard for punitive damages is as follows:

> to sustain an award of punitive damages under G.L. c. 151B, § 4, a finding of intentional discrimination alone is not sufficient. An award of punitive damages *requires a heightened finding beyond mere liability and also beyond a knowing violation of the statute*. Punitive damages may be awarded *only* where the defendant's conduct is *outrageous or egregious*. Punitive damages are warranted where the conduct is *so offensive that it justifies punishment and not merely compensation*. In making an award of punitive damages, the fact finder should determine that the award is needed to deter such behavior toward the class of which plaintiff is a member, or that the defendant's behavior is so egregious that it warrants public condemnation and punishment.

*Haddad v. Wal-Mart Stores, Inc.*, 455 Mass. 91, 110–11, 914 N.E.2d 59, 75 (2009) (emphasis added); *Pine v. Rust,* 404 Mass. 411, 415, 535 N.E.2d 1247 (1989) ("Punitive damages are not favored in Massachusetts ...").

Defendant anticipates Plaintiff may attempt to comment in opening statements, or introduce evidence during trial, of Plaintiff's claims for punitive damages and/or Defendant's size, wealth or overall financial condition to influence the jury's sympathy and/or somehow bolster his claims for damages. As more fully addressed in Defendant's Motion *In Limine* filed on March 31, 2023, net worth evidence should not be admissible until Plaintiff presents evidence that would warrant a jury instruction on punitive damages. (ECF, 43). If Plaintiff believes he presented enough evidence to meet the heightened standard, he can make an offer of proof to the Court outside the presence of the jury. This approach streamlines the trial—as compared to bifurcating the trial. This approach also eliminates the risk of confusing the jury, preserving the principle that "during trial, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." *See Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002); see also Defendant's Motion *In Limine* (ECF, 43).  In addition to avoiding prejudice, judicial economy is best served by only allowing the introduction of such evidence in a second phase of trial, if any, should Plaintiff establish Industrial Demolition engaged "outrageous or egregious" conduct and that its conduct "is so offensive that it justifies punishment and not merely compensation." *Haddad*, 914 N.E.2d 59 at 75.

Rule 42(b) of the Federal Rules of Civil Procedure authorizes federal courts to order a separate trial of one or more separate issues, "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). The First Circuit has confirmed that "[a] Rule 42(b) motion is a matter peculiarly within the discretion of the trial court...." *Gonzalez–Marin v.*

*Equitable Life Assur. Soc'y,* 845 F.2d 1140, 1145 (1st Cir.1988); *Chapman ex rel. Est. of Chapman v. Bernard's Inc.*, 167 F. Supp. 2d 406, 417 (D. Mass. 2001). "Whether to bifurcate a trial is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." *Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008) (quoting *Innovative Off. Prod., Inc. v. Spaceco, Inc.*, No. CIV.A. 05-04037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006)).

Courts within the 1st Circuit have applied Rule 42(b) to bifurcate the issue of punitive damages from other issues to be tried in a prior phase at trial. *See e.g., Lieberman-Sack v. Harvard Cmty. Health Plan of New England, Inc.,* 882 F. Supp. 249, 257 (D.R.I. 1995) (finding that bifurcation of the liability and damages issues was appropriate in part to address defendant's concern of prejudice); *E.E.O.C. v. DCP Midstream, L.P.,* 603 F. Supp. 2d 220, 221 (D. Me. 2009) (granting defendant's request to bifurcate the punitive damages issue). In addition, many federal courts utilize Rule 42(b) to bifurcate the issue of punitive damages. *See e.g.*, *Zarfaty v. Garden Fresh Rest. Corp.*, No. 15-CV-60268, 2019 WL 5617937, at *2 (S.D. Fla. Oct. 31, 2019) (granting defendant's request to bifurcate the issue of punitive damages when "the valuation of Defendant is not relevant to Defendant's liability . . . and Defendant may be prejudiced by the introduction of evidence with respect to punitive damages before the determination of liability is made"); *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) ("Issues of punitive damages should normally be bifurcated from issues of liability so that proof of wealth is not admitted at the trial on liability and compensatory damages.").

In this case, there is a particular danger that evidence pertinent to a determination of the amount of alleged punitive damages will taint the jury's decision as to general liability and compensatory damages, and potentially affect the jury's decision to authorize punitive damages at

all. If a jury is presented with evidence regarding Industrial Demolition's size, wealth, or financial condition, the jury may make a determination regarding compensatory liability—and entitlement to punitive damages—based on Defendant's *ability* to pay any award and not based on whether Industrial Demolition was actually liable for such damages. Introducing this evidence, thus, runs the risk of confusion of the issues, misleading the jury, and, most concerningly, would cause Industrial Demolition to suffer unfair prejudice.

For the reasons set forth above, Industrial Demolition respectfully requests the Court to enter an Order: (i) bifurcating the punitive damages phase, if any, at trial from the remaining issues in this matter; and (ii) precluding Plaintiff from introducing evidence of Industrial Demolition's size, wealth, ability to pay punitive damages and/or other financial information during the first phase of trial; and (iii) granting such further relief as this Court deems just and proper.

Respectfully Submitted,

INDUSTRIAL DEMOLITION LLC

By Its Attorneys,

/s/ *Alexa M. Esposito*
Alexa M. Esposito, Bar No. 698378
aesposito@littler.com
Thomas M. L. Metzger, Ohio Bar No. 0059694
tmetzger@littler.com

LITTLER MENDELSON, P.C.
One International Place
Suite 2700
Boston, MA  02110
Telephone:   617.378.6000
Facsimile:    617.737.0052

Dated: April 5, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April 2023, a true and accurate copy of the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants as identified on the Notice of Electronic Filing.

/s/ *Alexa M. Esposito*
Alexa M. Esposito