UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC MOORE,<br><br>Plaintiff,<br><br>v.<br><br>INDUSTRIAL DEMOLITION, LLC<br><br>Defendant. | Civil Action No.: 1:22-cv-10414-RWZ |

**PLAINTIFFS OPPOSITION TO
THE DEFENDANT'S MOTION TO BIFURCATE TRIAL**

The Plaintiff opposes the Defendant's Motion to Bifurcate on the eve of a very short, straight forward trial. See, e.g., Abbott Biotechnology Ltd. v. Centocor Ortho Biotech., Inc., 55 F. Supp. 3d 221, 223 (D. Mass. 2014; Saylor, J.) (denying motion for bifurcation in patent case). The motion should be summarily denied.

First, the justification that the Plaintiff will present evidence of the Defendant's holdings does not justify such an extraordinary action.  The Plaintiff possesses no such evidence.

Second, practically speaking, the Defendant is attempting to muzzle the Plaintiff's ability to present context as to the scale and sophistication of the Defendant, as well as the complexity of Defendant's business operations, of which the Plaintiff was involved.

Third, the case law does not favor the Defendant's position.  The discrimination cases cited by the Defendant do not stand for the proposition that this case should be bifurcated.  Haddad v. Wal-Mart supports the position that bifurcation is not warranted.  In that discrimination case, not only were damages not bifurcated, but the Supreme Judicial Court reinstated the jury's award of punitive damages.  Defendant then cites the case of Pine v. Rust, 404 Mass. 411, 415, 535 (1989),

but fails to provide this Court with the full sentence they cite. The entire quote cuts against bifurcation. The entire quote reads:

> *Punitive damages.* The judge interpreted the statute as requiring him to impose punitive damages in this case, even though he found that no actual harm had been incurred. Punitive damages are not favored in Massachusetts, **and we have long followed the principle that, absent statutory authorization, punitive damages may not be awarded.** (emphasis added)

Pine v. Rust, 404 Mass. 411, 415 (1989). It is undisputed that statutory authority for punitive damages exists in the instant case. Similarly, Gonzalez-Marin v. Equitable Life Assur. Soc. of U.S. is a case where bifurcation was denied and that determination was upheld on appeal. Gonzalez-Marin v. Equitable Life Assur. Soc. of U.S., 845 F.2d 1140, 1147 (1st Cir. 1988)

Fourth, the Plaintiff is calling only two fact witnesses in his case in chief, both of whom live out of town. They both are on leave for their work, and it prejudices them to extend the trial for no substantive reason.

Fifth, one trial is more efficient in the instant case and values the Jury's time. No compelling need has been articulated. See Chapman ex rel. Estate of Chapman v. Bernard's Inc., 167 F. Supp. 2d 406, 417 (D. Mass. 2001; Gorton, J.) (taking a closer look and bifurcating a discrete and short trial on the threshold and outcome determinative concern of product identity – "whether a subject daybed is a Bernard's daybed" – from the longer liability and damages trial if it is).

Sixth, the Defendant has not met it's burden to justify bifurcation. The Chapman Court relied on the well-established precedent that the moving party bears the burden of proving that the relief it seeks is justified. Id. at 417. Here, we only have bald assertions that the Defendant would be prejudiced by the introduction of unspecified evidence regarding its financial stature.

Finally, bifurcation would only serve to prejudice the Plaintiff. It delays the final determination of an action already four years old and forces him to testify at two separate trials. On this ground alone, the Court should deny Defendant's motion. See Abbott Biotechnology Ltd., 55 F. Supp. 3d at 223 (citing Trading Tech. Int'l, Inc. v. eSpeed, Inc., 431 F. Supp. 2d 834, 841 (N.D. Ill. 2006)).

The motion should be denied.

> Respectfully submitted,
> Eric Moore,
> By his Attorney,
>
> /s/Jamie Goodwin
> Jamie Goodwin
> BBO# 673207
> Duddy Goodwin & Pollard
> 446 Main Street, 16th Floor
> Worcester, MA 01608
> jg@dgpfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, the foregoing was filed with the Clerk of Court using the CM/ECF electronic filing system, and that notice was provided to the parties of record.

> /s/Jamie Goodwin
> Jamie Goodwin